McALLISTER LIGHTERAGE LINE, Inc., Libellant-Appellant,

v.

THE PEJEPSCOT, John & Frederick Barge Corporation, Respondents-Appellants.

JOHN & FREDERICK BARGE CORPO-RATION, Libellant-Appellant,

v.

THE CATHERINE McALLISTER, McAllister Lighterage Line, Inc., Respondents-Appellants.

No. 240, Docket 24396.

United States Court of Appeals Second Circuit.

Argued Feb. 13 and 14, 1957.

Decided April 29, 1957.

Leo F. Hanan, of Macklin, Speer, Hanan & McKernan, New York City, for John & Frederick Barge Corp.

Vincent A. Catoggio, of Purdy, Lamb & Catoggio, New York City, for McAllister Lighterage Line, Inc.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

On February 22, 1949, at 6:40 p. m., when it was dark, rainy and windy, a collision occurred between the stern of the Tug "Catherine McAllister" and the starboard side aft of the Tug "Pejepscot."

The Catherine McAllister with a light barge (200 feet long) on her port side had been lying across the east side of Newark Bay channel (500 feet wide) north of the Central Railroad of New Jersey bridge while waiting for the draw to open so that it could pass on its course to the south. The Tug Pejepscot, proceeding north, passed through the bridge as the draw opened and continued at full speed of about 8 knots on a course set to clear the Catherine McAllister's stern by 50–75 feet.

The evidence, although highly conflicting, supported the critical findings (1) that the Catherine McAllister was at fault in that she backed into the course of the approaching Pejepscot without sounding an alarm signal, and (2) that the Pejepscot was equally at fault in that she set a course dangerously close to the Catherine McAllister and continued thereon at full speed after the McAllister began backing and until the collision was inevitable. We cannot say that these findings were clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

Affirmed.